BROWN, Chief Judge,
Dissenting,
_JjA renewal policy was issued changing the limits of liability. Under these circumstances, the legislature has required that a new uninsured/underinsured motorist (“UM”) rejection form must be completed.
Don Bush, as president, signed the UM rejection form for the Travelers IL umbrella liability policy on September 23, 1999. The policy was for the period 1999 to 2000 and provided Vaughan & Bush with bodily injury liability limits of $5 million. Thereafter, Vaughan & Bush changed the policy limits. The policy for the period starting on August 27, 2001, and ending on August 27, 2002, provided Vaughan & Bush with limits of $2 million for bodily injury liability, a $3 million decrease.
La. R.S. 22:1406(D)(l)(a)(ii) clearly and unambiguously sets forth the requirements for renewal policies:[4]
... Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a *746 new policy and do not require the completion of new uninsured motorist selection forms. (Emphasis added).
The majority opinion has rewritten this statute to redefine the word “changes” to mean only increases in the limits of liability. The legislature did not distinguish between “increases” and “decreases” in policy limits but simple and clearly stated that any “change” in policy limits required the completion of a new UM motorist selection/rejection form.
1 ?The majority reasons that it is only an increase in policy limits which requires the execution of another UM selection form because the insured should be made aware that an increase in policy limits does not necessarily grant the insured UM coverage, and thus the insured should be allowed the opportunity to knowingly accept or reject UM coverage. The same reasoning would apply as well for a decrease in policy limits. Even so, UM coverage is provided by statute and embodies a strong public policy. As stated in Duncan v. U.S.A.A., 06-363, (La.11/29/06), 950 So.2d 544, UM statutes must be strictly construed “notwithstanding the language of the policy, the intentions of the parties, or the presence or absence of a premium charge or payment.”
La. R.S. 22:1406(C)(l)(a)(ii) specifically provides that new UM forms are not required for changes to existing policies “except changes in the limits of liability.” That exception is clear and unambiguous. In this case, changes in the limits of liability were made and a new UM form needed to be executed for the Travelers IL umbrella policy. A new UM form was not executed, and therefore the trial court improperly granted Travelers IL’s motion for summary judgment.
I respectfully dissent.
APPLICATION FOR REHEARING
Before BROWN, STEWART, PEATROSS, DREW, and MOORE, JJ.
Rehearing denied.
BROWN, C.J., and DREW, J., would grant rehearing.

. La. R.S. 22:1406(D)(l)(a)(ii) was redesignat-ed as La. R.S. 22:680(l)(a)(ii) in 2003, after the accident at issue.